Daniel, J,
 

 The defendant insist that there never was ■any such judgment as that recited in the
 
 fi. fa.
 
 and
 
 ven-ditioni,
 
 and that therefore, the said executions were void in law. The judgment on the
 
 sci. fa.
 
 against the heirs by default, at April term, 1842, was, that the lands descended from their ancestor to them are condemned to the satisfaction of the judgment recited in the
 
 sci. fa.
 
 which was for $2,000, to be discharged by force of the statute by the payment of the damages assessed by the jury for the breach of the conditions of the bond.
 
 Revised Statutes, Gh.
 
 31,
 
 Sec.
 
 S3. There never was a judg - ment against the heirs of G. Neely, for the sums mentioned in the
 
 fi. fa.
 
 and venditioni, under which the land was levied on and sold to the lessor of the plaintiff; the judgment having been for $2,000, and the executions being for $395 44, the damages assessed for the breach. Besides, the judgment was against the lands descended, and the executions were against the goods and chattels, lands and tenements of the heirs themselves. The judgment was, thus, against the assets of the ancestor in the hands of the heirs, while the execution was
 
 de bonis pro-priis
 
 of the heirs. Those variances between the judgment and executions are fatal to the plaintiff’s title; and the judgment must be affirmed.
 

 PER Cueiam. Judgment affirmed.